JS 44 (Rev. 12/12)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
Kyle Roth

**DEFENDANTS**
Daniel Gardner, Applecross Club Operations, LLC d/b/a Applecross Country Club, Pultegroup, Inc., Pulte Homes of Pennsylvania, L.P., and Pulte Homes Corporation of the Delaware Valley

(b) County of Residence of First Listed Plaintiff   Anne Arundel County, MD
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant   Montgomery County, PA
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE:   IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

(c) Attorneys *(Firm Name, Address, and Telephone Number)*
SEAN E. QUINN, QUINN LAW GROUP, LLC
1500 MARKET STREET, SUITE 4000W
PHILADELPHIA, PA 19102  (215) 360-3666

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

☐ 1  U.S. Government Plaintiff
☐ 3  Federal Question (U.S. Government Not a Party)
☐ 2  U.S. Government Defendant
☒ 4  Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☒ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☒ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 400 State Reapportionment |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability | | | ☐ 410 Antitrust |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | | | **PROPERTY RIGHTS** | ☐ 430 Banks and Banking |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | | | ☐ 820 Copyrights | ☐ 450 Commerce |
| ☐ 151 Medicare Act | ☐ 340 Marine | ☐ 368 Asbestos Personal Injury Product Liability | | ☐ 830 Patent | ☐ 460 Deportation |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 345 Marine Product Liability | | | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | **PERSONAL PROPERTY** | **LABOR** | **SOCIAL SECURITY** | ☐ 480 Consumer Credit |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 370 Other Fraud | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 490 Cable/Sat TV |
| ☐ 190 Other Contract | ☒ 360 Other Personal Injury | ☐ 371 Truth in Lending | ☐ 720 Labor/Management Relations | ☐ 862 Black Lung (923) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 195 Contract Product Liability | ☐ 362 Personal Injury - Medical Malpractice | ☐ 380 Other Personal Property Damage | ☐ 740 Railway Labor Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | | ☐ 385 Property Damage Product Liability | ☐ 751 Family and Medical Leave Act | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| | | | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 893 Environmental Matters |
| | | | ☐ 791 Employee Retirement Income Security Act | | ☐ 895 Freedom of Information Act |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | | **FEDERAL TAX SUITS** | ☐ 896 Arbitration |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights | **Habeas Corpus:** | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 950 Constitutionality of State Statutes |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment | ☐ 510 Motions to Vacate Sentence | | | |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations | ☐ 530 General | | | |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 535 Death Penalty | **IMMIGRATION** | | |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | **Other:** | ☐ 462 Naturalization Application | | |
| | ☐ 448 Education | ☐ 540 Mandamus & Other | ☐ 465 Other Immigration Actions | | |
| | | ☐ 550 Civil Rights | | | |
| | | ☐ 555 Prison Condition | | | |
| | | ☐ 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

☒ 1 Original Proceeding
☐ 2 Removed from State Court
☐ 3 Remanded from Appellate Court
☐ 4 Reinstated or Reopened
☐ 5 Transferred from Another District *(specify)*
☐ 6 Multidistrict Litigation

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
28 USC 1332 - Diversity of Jurisdiction
Brief description of cause:
Premises liability

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.
DEMAND $
CHECK YES only if demanded in complaint:
JURY DEMAND:  ☒ Yes  ☐ No

## VIII. RELATED CASE(S) IF ANY
*(See instructions)*
JUDGE _____
DOCKET NUMBER _____

DATE
07/06/2016

SIGNATURE OF ATTORNEY OF RECORD
*/s/ Sean E. Quinn/*

**FOR OFFICE USE ONLY**

RECEIPT # _____  AMOUNT _____  APPLYING IFP _____  JUDGE _____  MAG. JUDGE _____

# UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF PENNSYLVANIA — DESIGNATION FORM to be used by counsel to indicate the category of the case for the purpose of assignment to appropriate calendar.

Address of Plaintiff: __536 Point Field Drive, Millersville, MD 21108__

Address of Defendant: __See attached service list__

Place of Accident, Incident or Transaction: __Applecross Country Club, 170 Zynn Road, Downingtown, PA 19335__
(Use Reverse Side For Additional Space)

Does this civil action involve a nongovernmental corporate party with any parent corporation and any publicly held corporation owning 10% or more of its stock?
(Attach two copies of the Disclosure Statement Form in accordance with Fed.R.Civ.P. 7.1(a))   Yes☐  No☐

Does this case involve multidistrict litigation possibilities?   Yes☐  No☐
RELATED CASE, IF ANY:
Case Number: _____ Judge _____ Date Terminated: _____

Civil cases are deemed related when yes is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?
   Yes☐  No☐
2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?
   Yes☐  No☐
3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action in this court?
   Yes☐  No☐
4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual?
   Yes☐  No☐

CIVIL: (Place ✔ in ONE CATEGORY ONLY)

A. Federal Question Cases:
1. ☐ Indemnity Contract, Marine Contract, and All Other Contracts
2. ☐ FELA
3. ☐ Jones Act-Personal Injury
4. ☐ Antitrust
5. ☐ Patent
6. ☐ Labor-Management Relations
7. ☐ Civil Rights
8. ☐ Habeas Corpus
9. ☐ Securities Act(s) Cases
10. ☐ Social Security Review Cases
11. ☐ All other Federal Question Cases
    (Please specify) _____

B. Diversity Jurisdiction Cases:
1. ☐ Insurance Contract and Other Contracts
2. ☐ Airplane Personal Injury
3. ☐ Assault, Defamation
4. ☐ Marine Personal Injury
5. ☐ Motor Vehicle Personal Injury
6. ☐ Other Personal Injury (Please specify)
7. ☐ Products Liability
8. ☐ Products Liability — Asbestos
9. ☐ All other Diversity Cases
   (Please specify) _____

## ARBITRATION CERTIFICATION
(Check Appropriate Category)

I, __SEAN E. QUINN__, counsel of record do hereby certify:
☐ Pursuant to Local Civil Rule 53.2, Section 3(c)(2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs;
☐ Relief other than monetary damages is sought.

DATE: __07/06/2016__   _[signature]_   __86346__
Attorney-at-Law   Attorney I.D.#

NOTE: A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

I certify that, to my knowledge, the within case is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: _____   _____   _____
Attorney-at-Law   Attorney I.D.#

CIV. 609 (5/2012)

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

## CASE MANAGEMENT TRACK DESIGNATION FORM

| | | |
|---|---|---|
| KYLE ROTH | : | CIVIL ACTION |
| v. | : | |
| DANIEL GARDNER, et al. | : | NO. |

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.) In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

**SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:**

(a) Habeas Corpus – Cases brought under 28 U.S.C. § 2241 through § 2255.   ( )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health and Human Services denying plaintiff Social Security Benefits.   ( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2.   ( )

(d) Asbestos – Cases involving claims for personal injury or property damage from exposure to asbestos.   ( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are commonly referred to as complex and that need special or intense management by the court. (See reverse side of this form for a detailed explanation of special management cases.)   ( )

(f) Standard Management – Cases that do not fall into any one of the other tracks.   (X)

| 07/06/2016 | SEAN E. QUINN | PLAINTIFF - KYLE ROTH |
|---|---|---|
| **Date** | **Attorney-at-law** | **Attorney for** |
| (215) 360-3666 | (855) 766-3959 | SEAN@QUINNLAWYERS.COM |
| **Telephone** | **FAX Number** | **E-Mail Address** |

(Civ. 660) 10/02

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| KYLE ROTH<br>536 Point Field Drive<br>Millersville, MD 21108 | CIVIL ACTION COMPLAINT<br><br>DOCKET NO. |
| v. | |
| DANIEL GARDNER<br>417 Sylvania Avenue<br>Glenside, PA 19038 | JURY TRIAL DEMANDED |
| APPLECROSS CLUB OPERATIONS, LLC<br>d/b/a APPLECROSS COUNTRY CLUB<br>170 Zynn Road<br>Downingtown, PA 19335 | |
| PULTEGROUP, INC.<br>100 Bloomfield Hills Parkway<br>Suite 300<br>Bloomfield Hills, MI 48304 | |
| PULTE HOMES OF PENNSYLVANIA, L.P.<br>100 Bloomfield Hills Parkway<br>Suite 300<br>Bloomfield Hills, MI 48304 | |
| PULTE HOMES CORPORATION OF THE DELAWARE VALLEY<br>100 Bloomfield Hills Parkway<br>Suite 300<br>Bloomfield Hills, MI 48304 | |

## **COMPLAINT**

Plaintiff, Kyle Roth, by and through her attorneys, Quinn Law Group, LLC, hereby files the within Complaint, and in support thereof, avers as follows:

1. Plaintiff, Kyle Roth, is an adult citizen of the State of Maryland, residing therein at 536 Point Field Drive, Millersville, Maryland 21108.

2. Defendant, Daniel Gardner, is, upon information and belief, an adult citizen of the Commonwealth of Pennsylvania, residing therein at 417 Sylvania Avenue, Glenside, Pennsylvania 19038.

3. Defendant, Applecross Club Operations, LLC, d/b/a Applecross Country Club, is, upon information and belief:

   a. A limited liability company operating pursuant to the laws of Pennsylvania;

   b. authorized and/or qualified to conduct business in the Commonwealth of Pennsylvania;

   c. maintaining their place of business at 170 Zynn Road, Downingtown, Pennsylvania 19335; and

   d. the owner, operator and/or party responsible for managing, operating and maintaining a business known as Applecross Country Club, located at 170 Zynn Road, Downingtown, Pennsylvania 19335 ("Premises", "Club" or "Golf Course");

4. Defendant, Pultegroup Inc., is, upon information and belief:

   a. a corporation operating pursuant to the laws of Pennsylvania;

   b. authorized and/or qualified to conduct business in the Commonwealth of Pennsylvania;

   c. maintaining a place of business at 100 Bloomfield Hills Parkway, Suite 300, Bloomfield Hills, MI 48304; and

   d. the company, corporation, entity, and/or party responsible for construction work undertaken at the Premises;

5. Defendant, Pulte Homes of Pennsylvania, L.P., is, upon information and belief:

   a. a corporation operating pursuant to the laws of Pennsylvania;

    b. authorized and/or qualified to conduct business in the Commonwealth of Pennsylvania;

    c. maintaining a place of business at 100 Bloomfield Hills Parkway, Suite 300, Bloomfield Hills, MI 48304; and

    d. the company, corporation, entity, and/or party responsible for construction work undertaken at the Premises.

6. Defendant, Pulte Homes Corporation of the Delaware Valley, is, upon information and belief:

    a. a corporation operating pursuant to the laws of Pennsylvania;

    b. authorized and/or qualified to conduct business in the Commonwealth of Pennsylvania;

    c. maintaining a place of business at 100 Bloomfield Hills Parkway, Suite 300, Bloomfield Hills, MI 48304; and

    d. the company, corporation, entity, and/or party responsible for construction work undertaken at the Premises.

7. At all times relevant and material hereto, the Defendant(s) acted and/or failed to act by and through their actual and/or apparent agents, contractors, independent contractors, subcontractors, servants, workmen, employees, representatives, and/or ostensible agents, who was/were acting within the course and scope of their actual and/or apparent employment, agency, representation, and/or ostensible agency, and in furtherance of Defendant's interests.

8. This Court has jurisdiction based upon diversity of citizenship of the parties and the requisite amount in controversy is in excess of Seventy-Five Hundred Thousand ($75,000.00) Dollars, exclusive of interest and costs, pursuant to 28 U.S.C. § 1332.

9. Venue is appropriate in this District because the Defendants are subject to personal jurisdiction in this judicial district and/or the underlying negligence and carelessness of the Defendants in causing this accident, described more fully below, occurred at the Apple Cross Country Club, 170 Zynn Road, Downingtown, Pennsylvania 19335, which is within this judicial district.

10. On July 6, 2014, Plaintiff, Kyle Roth, was seated in an outdoor dining area near the 18th hole at Applecross Country Club, when she was hit in the head with a golf ball that had been struck by Defendant, Daniel Gardner.

11. At all times relevant and material hereto, Plaintiff, Kyle Roth, was exercising due care for her own safety.

12. At all times relevant and material hereto, Plaintiff, Kyle Roth, was a business invitee and lawfully upon the Premises.

13. This incident was directly and proximately caused by the negligence and carelessness of the Defendants, as set forth more fully hereinafter.

14. As a direct and proximate result of the negligence and carelessness of the Defendants, Plaintiff, Kyle Roth, sustained serious injuries, including but not limited to a traumatic brain injury, post-concussion syndrome, and oculomotor deficits, among other injuries.

15. As a direct and proximate result of the negligence and carelessness of the Defendants, Plaintiff has been required to undergo medical treatment for the injuries sustained, and may continue to require medical care and/or treatment in the future.

16. As a direct and proximate result of the negligence and carelessness of the Defendants, Plaintiff may be subject to an increased risk that she would develop future complications and/or injuries, and may require future medical monitoring and/or treatment.

17. As a direct and proximate result of the negligence and carelessness of the Defendants, Plaintiff has incurred expenses for medical care, and may incur additional expenses for the same purposes in the future.

18. As a direct and proximate result of the negligence and carelessness of the Defendants, Plaintiff has been prevented, and may be prevented in the future, from engaging in her usual activities, avocations, occupations, and/or lifestyles, all to her great personal and/or financial loss.

19. As a direct and proximate result of the negligence and carelessness of the Defendants, Plaintiff has suffered, and may continue to suffer in the future, great pain, discomfort, trauma, humiliation, anxiety, and/or mental anguish.

20. As a direct and proximate result of the negligence and carelessness of the Defendants, Plaintiff has suffered expenses and other financial losses.

21. Defendants are vicariously responsible for the negligent and careless acts or omissions of their actual and/or apparent agents, servants, workmen, employees, representatives, and/or ostensible agents, who was/were acting within the course and scope of their actual and/or apparent employment, agency, representation, and/or ostensible agency, and in furtherance of Defendant's interests, at the time the negligent and careless acts or omissions were committed.

22. Defendants are jointly and severally liable to the Plaintiff.

## COUNT I
## KYLE ROTH V. DANIEL GARDNER

23. Plaintiff hereby incorporates by reference the allegations set forth in the above paragraphs as though the same were set forth more fully at length herein.

24. Plaintiff, Kyle Roth, sustained serious injuries and damages as a direct and proximate result of the negligence and carelessness of the Defendant, Daniel Gardner, which consisted of the following:

   a. Striking a golf ball on the Golf Course in a manner likely to endanger persons and/or property, including Plaintiff;

   b. Striking a golf ball on the Golf Course in a manner likely to injure or damage persons and/or property, including Plaintiff;

   c. Striking a golf ball on the Golf Course out-of-bounds, and into an area where persons were reasonably expected to be located;

   d. Striking a golf ball on the Golf Course without the requisite skill and/or expertise;

   e. Failing to yell "fore" to provide advance warning or notice of the golf ball;

   f. Ignoring the safety of other persons upon the Premises;

   g. Failing to exercise due care while hitting golf balls upon the Premises;

   h. Failing to prevent injury to third parties by hitting golf balls out of bounds; and

   i. Hitting a golf ball on the Premises in a manner likely to endanger and injure a person or property.

   j. Failing to comply with Applecross Country Club rules and regulations.

25. As a direct and proximate result of the negligence and carelessness of the Defendants, Plaintiff sustained serious injuries and damages as set forth more fully above.

WHEREFORE, Plaintiff, Kyle Roth, demands judgment against Defendant(s), jointly and severally, for compensatory damages in an amount in excess of Seventy-Five Thousand Dollars ($75,000.00), plus interest, costs of suit, delay damages, and/or any other relief deemed equitable and appropriate by the Court.

## COUNT II
## KYLE ROTH V. APPLECROSS CLUB OPERATIONS, LLC

26. Plaintiff hereby incorporates by reference the allegations set forth in the above paragraphs as though the same were set forth more fully at length herein.

27. Plaintiff, Kyle Roth, sustained serious injuries and damages as a direct and proximate result of the negligence and carelessness of the Defendant, which consisted of the following:

   a. Negligently permitting tables and chairs to be located in an area of the Premises where patrons would be exposed to golf balls and other hazardous conditions / activities;

   b. Negligently positioning tables and chairs upon the patio of the Premises in an area where persons would be exposed to golf balls and other hazardous conditions / activities;

   c. Failing to position the tables and chairs in a safe location upon the Premises' patio;

   d. Exposing persons upon the Premises to dangerous conditions therein;

   e. Failing to install signage or warnings advising patrons of the dangers posed by sitting at the tables located upon the Golf Course patio;

   f. Ignoring the risk of harm to persons upon the Premises posed by the location of the tables and chairs;

   g. Failing to take proper action to identify, remedy, or eliminate the potential hazard posed by the location of the tables and chairs upon the patio of the Premises;

   h. Failing to exercise reasonable care to protect patrons upon the Premises;

   i. Failing to warn persons, including Plaintiff, of the hazards posed by utilizing the table and chairs upon the Premises' patio;

j. Failing to place barriers, signage, and/or other warnings surrounding the dangerous area on the temporary outdoor dining area upon the Premises;

k. Failing to install, place and/or erect barriers, awnings, walls or other means to prevent persons, including Plaintiff, from being struck by errant golf balls while sitting at the tables on the Golf Course patio;

l. Failing to install, place or otherwise erect barriers to prevent out of bounds golf balls from entering the Golf Course patio where Plaintiff was sitting;

m. Failing to exercise reasonable control over the Golf Course, including but not limited to the golfers thereupon, including Defendant Gardner;

n. Failing to provide a safe area for patrons to sit upon the Golf Course patio;

o. Negligently allowing for the temporary patio to be located in an area with high exposure to errant golf balls;

p. Failing to hire competent employees, contractors, workers, companies, and/or persons to inspect the Premises and maintain hazards when necessary;

q. Failing to institute and enforce appropriate policies and procedures for the Premises' maintenance;

r. Failing to perform any hazard analysis prior to positioning the tables and chairs on the Premises' patio;

s. Failing to identify and eliminate all potential hazards posed by permitting patrons to sit, eat, and drink on the Premises patio;

t. Hiring employees, contractors, workers, companies, and/or persons that were not sufficiently qualified or experienced to position the tables and chairs on the Golf Course patio;

u. Failing to provide adequate safeguards to prevent plaintiff's injuries;

v. Failing to properly train and instruct Defendant's personnel, employees, representatives, and/or agents with regard to safety property maintenance, hazard identification, inspections, and hazard removal;

w. Positioning the Golf Course patio, tables, and chairs in such a way to expose patrons, including Plaintiff, to errant golf balls; and

x. Failing to adopt and enforce proper and adequate guidelines, policies, and/or procedures relating to safety, property maintenance, hazard identification, inspections, and hazard removal.

28. As a direct and proximate result of the negligence and carelessness of the Defendants, Plaintiff sustained serious injuries and damages as set forth more fully above.

WHEREFORE, Plaintiff, Kyle Roth, demands judgment against Defendant(s), jointly and severally, for compensatory damages in an amount in excess of Seventy-Five Thousand Dollars ($75,000.00), plus interest, costs of suit, delay damages, and/or any other relief deemed equitable and appropriate by the Court.

## COUNT III
## KYLE ROTH V. APPLECROSS CLUB OPERATIONS, LLC

29. Plaintiff hereby incorporates by reference the allegations set forth in the above paragraphs as though the same were set forth more fully at length herein.

30. At all times relevant and material hereto, Defendant(s), acted and/or failed to act by and through their actual or apparent agents, contractors, independent contractors, subcontractors, servants, workmen, employees, representatives, and/or ostensible agents, who was/were acting within the course and scope of their actual and/or apparent employment, agency, representation, and/or ostensible agency, and in furtherance of Defendant's interests.

31.   Defendant(s), are vicariously liable for the negligent and careless acts or omissions of their actual and/or apparent agents, contractors, independent contractors, subcontractors, servants, workmen, employees, representatives, and/or ostensible agents, who was/were acting within the course and scope of their actual and/or apparent employment, agency, and/or representation of the Defendants at the time Plaintiff was injured.

32.   Plaintiff was seriously injured, as set forth more fully above, as a direct and proximate result of the negligent and careless acts or omissions of the Defendants' actual and/or apparent agents, contractors, independent contractors, subcontractors, servants, workmen, employees, representatives, and/or ostensible agents, who was/were, at all times relevant and material hereto, acting within the course and scope of their actual and/or apparent employment, agency, and/or representation, and in furtherance of the Defendants' interests.

WHEREFORE, Plaintiff, Kyle Roth, demands judgment against Defendant(s), jointly and severally, for compensatory damages in an amount in excess of Seventy-Five Thousand Dollars ($75,000.00), plus interest, costs of suit, delay damages, and/or any other relief deemed equitable and appropriate by the Court.

## COUNT IV
## KYLE ROTH V. PULTEGROUP, INC., PULTE HOMES OF PENNSYLVANIA, L.P., AND PULTE HOMES CORPORATION OF THE DELAWARE VALLEY

33.   Plaintiff hereby incorporates by reference the allegations set forth in the above paragraphs as though the same were set forth more fully at length herein.

34.   Plaintiff, Kyle Roth, sustained serious injuries and damages as a direct and proximate result of the negligence and carelessness of the Defendants, which consisted of the following:

a. Negligently permitting tables and chairs to be located in an area of the Premises where patrons would be exposed to golf balls and other hazardous conditions / activities;

b. Negligently positioning tables and chairs upon the patio of the Premises in an area where persons would be exposed to golf balls and other hazardous conditions / activities;

c. Failing to position the tables and chairs in a safe location upon the Premises' patio;

d. Exposing persons upon the Premises to dangerous conditions therein;

e. Failing to install signage or warnings advising patrons of the dangers posed by sitting at the tables located upon the Golf Course patio;

f. Ignoring the risk of harm to persons upon the Premises posed by the location of the tables and chairs;

g. Failing to take proper action to identify, remedy, or eliminate the potential hazard posed by the location of the tables and chairs upon the patio of the Premises;

h. Failing to exercise reasonable care to protect patrons upon the Premises;

i. Failing to warn persons, including Plaintiff, of the hazards posed by utilizing the table and chairs upon the Premises' patio;

j. Failing to place barriers, signage, and/or other warnings surrounding the dangerous area on the temporary outdoor dining area upon the Premises;

k. Failing to install, place and/or erect barriers, awnings, walls, or other means to prevent persons, including Plaintiff, from being struck by errant golf balls while sitting at the tables on the Golf Course patio;

l. Failing to install, place or otherwise erect barriers to prevent out of bounds golf balls from entering the Golf Course patio where Plaintiff was sitting;

m. Failing to exercise reasonable control over the Golf Course, including but not limited to the golfers thereupon, including Defendant Gardner;

n. Failing to provide a safe area for patrons to sit upon the Golf Course patio;

o. Negligently allowing for the temporary patio to be located in an area with high exposure to errant golf balls;

p. Failing to hire competent employees, contractors, workers, companies, and/or persons to inspect the Premises and maintain hazards when necessary;

q. Failing to institute and enforce appropriate policies and procedures for the Premises' maintenance;

r. Failing to perform any hazard analysis prior to positioning the tables and chairs on the Premises' patio;

s. Failing to identify and eliminate all potential hazards posed by permitting patrons to sit, eat and drink on the Premises patio;

t. Hiring employees, contractors, workers, companies, and/or persons that were not sufficiently qualified or experiences to position the tables and chairs on the Golf Course patio;

u. Failing to provide adequate safeguards to prevent plaintiff's injuries;

v. Failing to properly train and instruct Defendant's personnel, employees, representatives, and/or agents with regard to safety property maintenance, hazard identification, inspections, and hazard removal;

  w. Positioning the Golf Course patio, tables and chairs in such a way to expose patrons, including Plaintiff, to errant golf balls; and

  x. Failing to adopt and enforce proper and adequate guidelines, policies, and/or procedures relating to safety, property maintenance, hazard identification, inspections, and hazard removal.

35. As a direct and proximate result of the negligence and carelessness of the Defendants, Plaintiff sustained serious injuries and damages as set forth more fully above.

WHEREFORE, Plaintiff, Kyle Roth, demands judgment against Defendant(s), jointly and severally, for compensatory damages in an amount in excess of Seventy-Five Thousand Dollars ($75,000.00), plus interest, costs of suit, delay damages, and/or any other relief deemed equitable and appropriate by the Court.

## COUNT V
### KYLE ROTH V. PULTEGROUP, INC., PULTE HOMES OF PENNSYLVANIA, L.P., AND PULTE HOMES CORPORATION OF THE DELAWARE VALLEY

36. Plaintiff hereby incorporates by reference the allegations set forth in the above paragraphs as though the same were set forth more fully at length herein.

37. At all times relevant and material hereto, Defendant(s), acted and/or failed to act by and through their actual or apparent agents, contractors, independent contractors, subcontractors, servants, workmen, employees, representatives, and/or ostensible agents, who was/were acting within the course and scope of their actual and/or apparent employment, agency, representation, and/or ostensible agency, and in furtherance of Defendant's interests.

38. Defendant(s), are vicariously liable for the negligent and careless acts or omissions of their actual and/or apparent agents, contractors, independent contractors, subcontractors, servants, workmen, employees, representatives, and/or ostensible agents, who was/were acting

within the course and scope of their actual and/or apparent employment, agency, and/or representation of the Defendants at the time Plaintiff was injured.

39. Plaintiff was seriously injured, as set forth more fully above, as a direct and proximate result of the negligent and careless acts or omissions of the Defendants' actual and/or apparent agents, contractors, independent contractors, subcontractors, servants, workmen, employees, representatives, and/or ostensible agents, who was/were, at all times relevant and material hereto, acting within the course and scope of their actual and/or apparent employment, agency, and/or representation, and in furtherance of the Defendants' interests.

WHEREFORE, Plaintiff, Kyle Roth, demands judgment against Defendant(s), jointly and severally, for compensatory damages in an amount in excess of Seventy-Five Thousand Dollars ($75,000.00), plus interest, costs of suit, delay damages, and/or any other relief deemed equitable and appropriate by the Court.

Respectfully Submitted,

QUINN LAW GROUP, LLC

BY:   <u>SEQ1467</u>
      SEAN E. QUINN, ESQUIRE
      Attorney for Plaintiff
      Identification No.: 86346
      1500 Market Street
      Centre Square West – Suite 4000
      Philadelphia, PA 19102
      (215) 360-3666

Dated: <u>July 6, 2016</u>

**VERIFICATION**

I, Plaintiff in the within action, make this verification and state that the information contained in the foregoing is true and correct to the best of my knowledge, information and belief and that this verification is made subject to the penalties of 18 Pa.C.S.A. § 4904, relating to unsworn falsification to authorities.

*[signature]*

Date: 07/06/16